IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANIEL L. HIGGINS,                    )<br>            Plaintiff,                      )<br>                                              )<br>    vs.                                      )<br>                                              )<br>PRISONER & COMMUNITY TOGETHER, INC., )<br>d/b/a PACT, INC., d/b/a LAPORTE PACT  )<br>BRADLEY CENTER                     )<br>            Defendant.                      ) | CASE NO. |

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Jurisdiction

1.  This action arises under *Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000(e) et seq, the Civil Rights Act of 1991, 42 U.S.C. Sec. 1981, Americans with Disabilities Act, 42 U.S.C. Sec. 12101 et seq, as Amended,* (hereinafter known as the "ADA"), *The Rehabilitation Act (29 USC Sec 701 et seq, and The Family and Medical Leave Act (FMLA) 26 U.S.C. 2601 et seq.*

2.  Jurisdiction is invoked pursuant to *28 U.S.C. § 1331* and *1343(4)* and *42 U.S.C. § 2000e-5(f)*. A Right-To-Sue letter was issued by the Equal Employment Opportunity Commission (EEOC), based upon charge affidavits timely filed with the EEOC.

Venue

3.  This action properly lies in the Northern District of Indiana, South Bend Division, pursuant to *29 U.S.C. § 1391(b)*, because Plaintiff's claims arose in this judicial district and the alleged unlawful actions were committed in this judicial district.

Parties

4.  Plaintiff, Daniel L. Higgins, is an African American male, and is currently and was

1

at all times relevant a citizen and resident of the United States.

5. Defendant Prisoner and Community Together, Inc., which does business under the name PACT, Inc., is and Indiana not-for-profit corporation which manages a Federal Community Correction Residential Program.

6. Defendant is an employer, engaging in an industry affecting commerce, employs more than fifteen (15) regular employees, located in LaPorte County, Indiana.

## COUNT I

7. Plaintiff re-alleges and incorporates paragraphs 1-6 of this Complaint.

8. Plaintiff was employed by Defendant in LaPorte County, Indiana since July 2007 and his latest job title was Residential Monitor at Defendant's LaPorte PACT Bradley Center until his termination from employment on November 21, 2014.

9. Plaintiff is and at all relevant times was qualified individual with a disability under the Americans with Disabilities Act, *42 U.S.C. 12102(1)(C)* and *42 U.S.C. Sec 12102(3)(A)* since he was regarded by Defendant as having an impairment since his employment was terminated because of his actual or perceived disability whether or not the impairment limited or perceived to limit a major life activity.

10. Defendant also refused to accommodate Plaintiff's disability and Plaintiff is a qualified individual under the ADA who has a disability and Defendant's termination of Plaintiff from employment was due to his disability and was in violation of the ADA pursuant to *42 U.S.C. Sec. 1201 et seq.*

11. Plaintiff has suffered emotional distress, humiliation, embarrassment and mental anguish and has lost wages and benefits.

12. Defendant was also acting with willful indifference or conscious disregard of Plaintiff's rights when it terminated him from employment.

WHEREFORE, Plaintiff respectfully requests the following relief:

1. Enter judgment that Defendant's acts, policies, practices and procedures complained of herein violated Plaintiff's rights as secured by the ADA.

2. Order Defendant to make whole the Plaintiff who has been adversely affected by the policies and practices described herein by providing appropriate back pay, front pay, and reimbursement for lost pension, social security, experience, training opportunities and other benefits in an amount to be shown at trial and other affirmative relief; and

3. Retain jurisdiction over this action to assure full compliance with the orders of the Court and with applicable law and require Defendant to file such reports as the Court deems necessary to evaluate compliance; and

4. Award Plaintiff his attorney fees, costs and disbursements; and

5. Award Plaintiff such additional relief as the Court deems just and proper; and

6. Award Plaintiff compensatory and punitive damages.

7. Grant Plaintiff a jury upon these issues triable by jury.

## COUNT II

13. Plaintiff re-alleges and incorporates paragraphs 1-12 of this Complaint.

14. Defendant is an employer covered by The Rehabilitation Act, *29 USC Sec 701 et seq*, including but not limited to since it receives federal funds and/or is a federal contractor as defined by The Rehabilitation Act.

15. Plaintiff is a qualified individual with a disability under the Rehabilitation Act and

Defendant violated The Rehabilitation Act by terminating the Plaintiff due to an actual or perceived disability of Plaintiff and by refusing to accommodate Plaintiff's disability.

16. Plaintiff has suffered emotional distress, humiliation, embarrassment and mental anguish and has lost wages and benefits.

17. Defendant was also acting with willful indifference or conscious disregard of Plaintiff's rights when it terminated him from employment.

WHEREFORE, Plaintiff respectfully requests the following relief:

1. Enter judgment that Defendant's acts, policies, practices and procedures complained of herein violated Plaintiff's rights as secured by the Rehabilitation Act.

2. Order Defendant to make whole Plaintiff who has been adversely affected by the policies and practices described herein by providing appropriate back pay, front pay, and reimbursement for lost pension, social security, experience, training opportunities and other benefits in an amount to be shown at trial and other affirmative relief; and

3. Retain jurisdiction over this action to assure full compliance with the orders of the Court and with applicable law and required Defendant to file such reports as the Court deems necessary to evaluate compliance; and

4. Award Plaintiff his attorney fees, costs and disbursements; and

5. Award Plaintiff such additional relief as the Court deems just and proper; and

6. Award Plaintiff compensatory and punitive damages.

7. Grant Plaintiff a jury upon these issues triable by jury.

## COUNT III

18. Plaintiff re-alleges and incorporates paragraphs 1-17 of this Complaint.

19. Plaintiff was discriminated against in the term and conditions of his employment due

4

to his sex and Plaintiff's employment was terminated due to his sex in violation of Title VII of the Civil Rights Act of 1964, *42 U.S.C. Sec. 2000(e) et seq*, the Civil Rights Act of 1991.

20. Plaintiff has suffered emotional distress, humiliation, embarrassment and mental anguish and has lost wages and benefits.

21. Defendant was also acting with willful indifference or conscious disregard of Plaintiff's rights when it terminated him from employment.

WHEREFORE, Plaintiff respectfully requests the following relief:

1. Enter judgment that Defendant's acts, policies, practices and procedures complained of herein violated Plaintiff's rights as secured by Title VII.

2. Order Defendant to make whole the Plaintiff who has been adversely affected by the policies and practices described herein by providing appropriate back pay, front pay, and reimbursement for lost pension, social security, experience, training opportunities and other benefits in an amount to be shown at trial and other affirmative relief; and

3. Retain jurisdiction over this action to assure full compliance with the orders of the Court and with applicable law and require Defendant to file such reports as the Court deems necessary to evaluate compliance; and

4. Award Plaintiff his attorney fees, costs and disbursements; and

5. Award Plaintiff such additional relief as the Court deems just and proper; and

6. Award Plaintiff compensatory and punitive damages.

7. Grant Plaintiff a jury upon these issues triable by jury.

## COUNT IV

22. Plaintiff re-alleges and incorporates paragraphs 1-21 of this Complaint.

5

23. At all times relevant to the Complaint, Plaintiff was a qualified individual entitled to FMLA leave for his serious medical condition.

24. Defendant was aware that Plaintiff was entitled to leave but did not grant Plaintiff full leave which Plaintiff was entitled to under the FMLA.

25. Defendant knowingly interfered and violated Plaintiff's rights to leave under 26 U.S.C. § 2615 when Plaintiff was terminated for taking leave.

26. Defendant recklessly disregarded its legal obligating under FMLA when it failed to provide leave Plaintiff was entitled to under FMLA.

27. Defendant also acting with willful indifference or conscious disregarded Plaintiff's rights.

28. As a proximate result Defendant's forgoing discriminatory acts, Plaintiff has suffered lost wages, lost benefits and has suffered a loss of earing capacity.

29. Plaintiff, as a proximate result of Defendant's actions, has also suffered emotional distress, humiliation, embarrassment and mental aguish.

WHEREFORE, Plaintiff respectfully requests the following relief:

1. Enter judgment that Defendant's acts, policies, practices and procedures complained of herein violated Plaintiff's rights as secured by the FMLA.

2. Order Defendant to make whole Daniel L. Higgins who has been adversely affected by the policies and practices described herein by providing appropriate back pay, front pay, and reimbursement for lost pension, social security, experience, training opportunities and other benefits in an amount to be shown at trial and other affirmative relief; and

3. Retain jurisdiction over this action to assure full compliance with the orders of the

Court and with applicable law and require Defendant to file such reports as the Court deems necessary to evaluate compliance; and

      A.      Award Plaintiff his attorney fees, costs and disbursements; and

      B.      Award Plaintiff such additional relief as the Court deems just and proper; and

      C.      Award Plaintiff compensatory and punitive damages.

      D.      Grant Plaintiff a jury upon these issues triable by jury.

## COUNT V

30. Plaintiff re-alleges paragraphs 1 through 29 and incorporates them by reference.

31. 42 U.S.C. § 1981, prohibits discrimination based on race in the performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

32. Title VII prohibits employers from treating members in a protected class differently from those who are not in a protected class.

33. Defendant treated Plaintiff differently based on his membership in a protected class in the terms and conditions of his employment and with regard to his termination of employment due to his race.

WHEREFORE, Plaintiff Daniel L. Higgins respectfully requests the following relief:

      a.      Enter judgment that Defendant's acts, policies, practices and procedures complained of herein violated Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, 42 U.S.C. Section 2000-e et seq. and 42 U.S.C. Section 1981.

      b.      Order Defendant to make whole Daniel L. Higgins who has been adversely affected

by the policies and practices described herein by providing appropriate back pay, front pay, and reimbursement for lost pension, social security, experience, training opportunities and other benefits in an amount to be shown at trial and other affirmative relief; and

    c.    Retain jurisdiction over this action to assure full compliance with the orders of the Court and with applicable law and required Defendant to file such reports as the Court deems necessary to evaluate compliance; and

    d.    Award Plaintiff his attorney fees, costs and disbursements; and

    e.    Award Plaintiff compensatory and punitive damages; and

    f.    Award Plaintiff such additional relief as the Court deems just and proper.

Respectfully submitted,

/s/Richard LaSalvia
Richard J. LaSalvia     (9814-71)
105 East Jefferson Boulevard, Suite 220
South Bend, Indiana  46601
Telephone:  (574)232-1900
Attorney for Plaintiff

### Jury Demand

Plaintiff demands trial by jury on all issues so triable.

/s/Richard J. LaSalvia
Richard J. LaSalvia